[Cite as *Zeitoun v. Zeitoun*, 2013-Ohio-5586.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99776

---

## SAMIRA ZEITOUN

PLAINTIFF-APPELLANT

vs.

## RAGHIB ABRAHAM ZEITOUN

DEFENDANT-APPELLEE

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. CP D-336410

**BEFORE:** Keough, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEYS FOR APPELLANT**

Joyce E. Barrett
James P. Reddy, Jr.
800 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Robert E. Somogyi
1660 W. Second Street
Skylight Office Tower
Suite 410
Cleveland, Ohio 44113

**GUARDIAN AD LITEM**

Becky Blair
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant Samira Zeitoun appeals from the judgment entry of divorce entered by the Cuyahoga County Common Pleas Court, Domestic Relations Division, which named her as the residential parent and legal custodian of the parties' minor child, granted defendant-appellee Raghib Abraham Zeitoun parenting time, ordered him to pay child support, and awarded the income tax dependency exemption to Raghib.

{¶2} The parties were married on September 9, 2007. One child, A.Z. (DOB 5/2/10), was born as issue of the marriage. Samira filed a complaint for divorce in April 2011. Prior to trial, the parties entered into a separation agreement that resolved the issues of division of property and spousal support. The issues remaining for trial were the allocation of parental rights and responsibilities, parenting time, child support, and the allocation of the income tax dependency exemption.

{¶3} The magistrate heard testimony from a number of witnesses, including Samira and Raghib; Becky Blair, the child's guardian ad litem; Dr. Frank Ezzo, the court psychologist; Elevani Fletcher, a court custody evaluator; and Noa Margolin, A.Z.'s therapist. The findings and recommendations of these individuals varied.

{¶4} After hearing the evidence, the magistrate issued a 51-page decision in which she presented and evaluated the testimony of each witness and weighed the quality of the evidence presented. The magistrate concluded that both parties had mental health and anger management issues that affected the allocation of parental rights and responsibilities and visitation, but she ultimately recommended that Samira be designated

the residential parent and custodian of A.Z. She further recommended that upon proof of engagement in an anger management program, Raghib's parenting time with A.Z. could change from the current parenting order (one week per month from Wednesday at 9:00 a.m. until Sunday at 5:00 p.m. to be exercised in Ohio) to visits that could take place outside the state of Ohio (Raghib now lives in Mississippi) and could be supervised by Raghib's girlfriend or his parents.[1] The magistrate also recommended that Raghib be awarded the child income tax dependency exemption. The trial court subsequently adopted and incorporated the magistrate's decision; this appeal followed.

{¶5} In her first and second assignments of error, Samira contends that the trial court abused its discretion in ordering that, after proof he was engaged in an anger management program, Raghib's visits with A.Z. could occur outside the state of Ohio and could be supervised by his girlfriend or his parents. Samira contends that this order is contrary to the report and recommendation of Dr. Ezzo, who testified that Raghib's visits with A.Z. should be supervised by a neutral party and continue in Ohio until the neutral observer concluded that there had been "progress" regarding Raghib's interaction with A.Z. Reiterating Dr. Ezzo's extensive qualifications, Samira contends that the trial court should have deferred to Dr. Ezzo on this issue.

{¶6} Samira's argument, however, ignores the other evidence that was presented at trial. Dr. Ezzo testified that his recommendation of supervised visits was based on

_____

[1] Although the magistrate's decision and the trial court's judgment entry refer to Raghib's grandparents, it is apparent that the court meant to reference Raghib's parents, both of whom testified at the trial.

Raghib's conviction for negligent assault related to an incident involving Samira, as well as A.Z.'s anxiety when she was around Raghib, as reported to him by A.Z.'s counselor Noa Margolin and Samira. But the evidence demonstrated that Margolin had never observed A.Z. with Raghib and had based her report to Dr. Ezzo solely on information from Samira. Likewise, Dr. Ezzo testified that he had never observed A.Z. with either of her parents. Accordingly, the magistrate concluded that the testimony of the professionals who had actually observed A.Z.'s interaction with her father — Becky Blair, the guardian ad litem, and Elevani Fletcher, a custody evaluator who performed an evaluation in this case — was more insightful and compelling than Dr. Ezzo's.

{¶7} Blair, a licensed attorney and practicing guardian ad litem for over 25 years, testified that she spent time with A.Z. on three occasions and observed her interaction with both her mother and father. She observed that within a few minutes of being with Raghib, "A.Z. had smiles and kisses and a strong attachment to her father." In light of her observations, the guardian ad litem recommended a shared parenting plan and supervised visits for a short period of time and then unsupervised visits that could occur in Mississippi.

{¶8} Ms. Fletcher testified that she too observed A.Z.'s interactions with both her mother and father. She stated that A.Z. seemed to be more tempermental when she was with Samira, and "squealed, squirmed, kicked and cried." Conversely, Ms. Fletcher testified that she saw A.Z. showing affection for Raghib in response to his care and terms of endearment expressed toward her. Based on her observations, Ms. Fletcher

recommended a shared parenting plan and unsupervised parenting time in Ohio and Mississippi to occur on a frequent basis.

**{¶9}** In light of this evidence, we find no abuse of discretion in the trial court's judgment ordering supervised visits that could occur outside Ohio. Unlike Dr. Ezzo, who never observed A.Z. with her father, the professionals who actually saw A.Z.'s interactions with him recommended shared parenting and that visits could occur outside of Ohio. Furthermore, Dr. Ezzo admitted on cross-examination that some of the information that Raghib's counsel had made him aware of at trial could have caused his recommendation to change.

**{¶10}** We likewise find no abuse of discretion in the trial court's judgment that visits could be supervised by either Raghib's girlfriend or his parents. Raghib's mother testified that she was available to accompany A.Z. to Mississippi and take care of her if necessary while Raghib was at work. Raghib's girlfriend, who lives with him, testified that she was also available to care for A.Z.

**{¶11}** Samira also contends that the trial court abused its discretion because it failed to consider Raghib's anger management issues, in violation of R.C. 3109.04(F)(1)(e), which requires the court to consider the mental and physical health of all persons involved when allocating parental rights and responsibilities. But the record reflects that the trial court expressly found that *both* Samira and Raghib have mental health and anger management issues that affected the allocation of parental rights and responsibilities and visitation. Furthermore, the trial court ordered that supervised visits

outside Ohio could not begin until Raghib had presented the guardian ad litem with certification that he was engaged in an anger management counseling. Thus, it is apparent that the trial court considered Raghib's mental health issues before ordering supervised visits.

{¶12} The first and second assignments of error are therefore overruled.

{¶13} In her third assignment of error, Samira contends that the trial court erred in awarding the income tax dependency exemption to Raghib.

{¶14} R.C. 3119.82 provides that "whenever a court issues * * * a court child support order, it shall designate which parent may claim the children * * * as dependents for federal income tax purposes * * * *." We review the trial court's designation for an abuse of discretion. *Dunlap v. Dunlap*, 9th Dist. Summit No. 23860, 2008-Ohio-3201, ¶ 11.

{¶15} The dependency exemption may be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child. R.C. 3119.82; *Singer v. Dickinson*, 63 Ohio St.3d 408, 588 N.E.2d 806 (1992), paragraph two of the syllabus. While the trial court need not state a basis for allocating the exemption, the record does need to include financial data to support the trial court's decision. *Dunlap* at ¶ 12.

{¶16} We find no abuse of discretion in the trial court's award. The trial court found that Raghib earned $80,000 per year and Samira earned $15,255 per year. As this court stated in *Yasinow v. Yasinow*, 8th Dist. Cuyahoga No. 86467, 2006-Ohio-1355, ¶

51, "[t]he relative incomes of the parties necessarily dictates that appellee could make the best use of the exemption, which would be of little or no economic value to appellant based upon her tax bracket." Furthermore, the financial statements of the parties in the record demonstrate that the dependency exemption is worth nearly double the tax savings and benefit to Raghib than to Samira. The third assignment of error is therefore overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR